## LANCE et al. v. KING et al.

ATKINSON, J. A constable levied a common-law fi. fa. on described crops as they stood in the field. The defendant gave a bond, on which there was a surety, conditioned upon the forthcoming of the property at the

time and place of the sale. There was an agreement between the constable and the bondsman that the latter should gather and sell the crops, and, after deducting the cost, produce the money in lieu of the property. The crops were gathered and sold, but the money was not produced. The constable, for the use of the plaintiff in fi. fa., brought suit on the bond, in the superior court, against the principal and surety for the amount due on the fi. fa., which was less than the amount specified in the bond. The surety pleaded the facts above stated, and also the fact that he held certain mortgage fi. fas. of superior dignity to the fi. fa. under which the levy was made, and that after paying off the cost of gathering and marketing the crops there was not sufficient left from the proceeds of the sale to discharge his superior liens. On the trial there was a judgment for the plaintiff, to which there was no exception. *Held*, that the judgment so rendered was conclusive upon the surety; and in a subsequent proceeding called a money rule, instituted by the surety against the sheriff, to which the plaintiff in fi. fa., for whose use the constable had sued, was made a party defendant, it was erroneous, over the objection that it was irrelevant, to admit evidence as to matters covered by the judgment, and to enter the following judgment: "Upon consideration, it is considered, ordered, and adjudged by the court that the sheriff apply the money in his hands to the payment of principal, interest, and costs of the fi. fa. in favor of J. G. Hicks, for use of D. W. Lance, against A. J. Seay, principal, and Carter L. King, security. And for this purpose it is further ordered that the said Carter L. King pay into the hands of the said sheriff such an additional amount as may be necessary to extinguish said fi. fa., principal, interest, and costs. It is further ordered that the sheriff then apply the said money, less the costs on the fi. fa., to the mortgage fi. fas. in favor of King Grocery Company, less the costs due thereon. It is further ordered that the funds as aforesaid be applied to the payment of the mortgage fi. fas., and the judgment complained of then annulled and set aside."

*Judgment reversed. All the Justices concur, except Beck, J., absent.*

NOVEMBER 10, 1915.

Money rule. Before Judge Fite. Whitfield superior court. October 16, 1914.

*W. E. Mann,* for plaintiffs in error.